UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LINDA KNIGHTEN,<br><br>        Plaintiff,<br><br>   v.<br><br>OMNI HOTEL,<br><br>        Defendant. | Case No. 12-cv-02296 CW (NC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 26 |

The parties filed a joint discovery brief in which Omni seeks an order requiring plaintiff to submit to a mental examination under Federal Rule of Civil Procedure 35. Dkt. No. 26. The Court held a hearing on the discovery dispute on April 17, 2013. Based on the parties' submissions and the arguments of counsel at the hearing, the Court orders as follows:

    1.    The Court finds that plaintiff has placed her mental condition in controversy, and that good cause exists for permitting a mental examination of plaintiff, limited in time and scope as specified below. *See Schlagenhauf v. Holder*, 379 U.S. 104, 117-21 (1964).

    2.    Plaintiff must submit to a mental examination by George W. Woods, Jr., M.D. The examination must take place on a mutually agreed day within 30 days of the date of this order at the office of Dr. Woods in San Francisco, beginning at 9:00 a.m. and not exceeding three hours (not including any appropriate breaks).

3. The examination must consist of those procedures and tests generally accepted by the medical community as reasonably necessary to evaluate the nature, extent, and cause(s) of plaintiff's emotional distress and related mental health injuries, including any alleged physical manifestations. Whether Omni caused or exacerbated plaintiff's alcoholism is included within the scope of the examination. The purpose of the examination is not to assess plaintiff's credibility and perception.

4. Before the examination, Omni's counsel must provide Dr. Woods with a copy of this order.

5. Omni's counsel must arrange for the examination to be audiotaped and for a copy of the audiotape to be provided to plaintiff's counsel within 14 days of the examination. The examination must not be videotaped.

6. The examination, results, and audiotape of the examination may only be used in connection with this lawsuit. The audiotape and results of plaintiff's examination may not be distributed to anyone except Dr. Woods and his staff, counsel in this case, the Court, plaintiff, and any expert witness retained by plaintiff, without leave of Court.

7. Omni's counsel must provide plaintiff's counsel with a copy of the examination results within 14 days of the examination.

8. This order does not address the admissibility of information disclosed during the examination.

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order. See Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: April 18, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge